

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2007

# USA v. Strothers

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1820

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Strothers" (2007). *2007 Decisions.* Paper 1643.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1643

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1820
_____

UNITED STATES OF AMERICA,

v.

MARK ANTHONY STROTHERS,

Appellant.
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 05-244)
District Judge: Honorable Thomas M. Hardiman


_____


Submitted Under Third Circuit LAR 34.1(a)
January 30, 2007

_____


Before: BARRY and ROTH, Circuit Judges, and
DEBEVOISE*, Senior District Court Judge

(Filed: February 8, 2007)
_____

OPINION

_____

_____

* Honorable Dickinson R. Debevoise, Senior District Court Judge for the District of New
Jersey, sitting by designation.

**Debevoise, Senior District Court Judge**

Appellant, Mark Anthony Strothers, a diabetic who has terminal liver disease and has had two heart attacks and a stroke, appeals from the District Court's sentence on the ground that a 115-month term of imprisonment, which was at the top of the advisory guideline range, is unreasonable. For the reasons set forth below, we will affirm.

**I.**

The facts critical to a resolution of the sentencing issue raised on this appeal are those set forth in the Presentence Investigation Report ("PSR"). The parties raised no objections to the facts as stated in the PSR at the sentencing hearing, and we will rely on them in this opinion.

On February 8, 2005, City of Pittsburgh police officers responded to a call from Strothers's wife, Junita Gatlin. She had obtained a Protection from Abuse Order against Strothers but had let him into her home earlier that day. When he was leaving, she saw a handgun in his rear pants pocket, and, upon questioning, Strothers stated, "I'm going to kill the bitch with it." This occasioned Ms. Gatlin's call to the police. She informed them that she feared that Strothers was intending to use the gun to harm his current girlfriend.

Later that day, the officers located and arrested Strothers. In due course, he was indicted and charged with being a felon in possession of a firearm. On November 23, 2005, he pled guilty to the offense.

Although he was initially ordered detained, in view of his multiple health problems

the District Court agreed to modify Strothers's detention status and to release him to Renewal Treatment, Incorporated ("Renewal"), a community confinement center. This would permit Strothers to attend medical appointments at the Veterans Administration Hospital in connection with his terminal liver disease.

Approximately one week after Strothers was released, he left Renewal to attend an appointment with medical personnel. While away, he made an unauthorized visit to a girlfriend and allegedly assaulted her. That same day, she filed a petition for a Protection from Abuse Order. Upon his return to Renewal, Strothers tested positive for cocaine, and he had a blood alcohol level of .027.

Two days later, on December 4, 2005, Strothers again left Renewal for medical treatment. Prior to keeping his appointment at the Veterans Administration Hospital, he violated the Protection from Abuse Order his girlfriend had obtained. Members of the Renewal staff picked him up at the Hospital to return him to the facility. However, he expressed suicidal ideation, and as a result, he was admitted to the Hospital for observation.

These violations of the conditions of his release led to Strothers's renewed detention. On June 22, 2005, he changed his plea to guilty to the charge in the indictment.

The PSR recited in detail the medical condition of the then 46-year-old defendant. In 1992, he was diagnosed with Hepatitis C, for which he received continuing medical

3

treatment. In or about October 2000, he began seeing a liver specialist because of his end-stage liver disease. Prior to his detention for the current offense, he was being treated at the Veterans Administration Hospital in Oakland, Pennsylvania. In addition to his end-stage liver disease, Strothers suffers from the effects of two prior heart attacks, a recent stroke, two hernias, diabetes, and blood clots.

The PSR addressed the usual range of subjects. It calculated Strothers's Total Offense Level to be 23 and, based upon an extraordinarily extensive criminal career, a Criminal History Category of VI. The offense level of 23, combined with a Criminal History Category of VI, resulted in a guideline range of 92 to 115 months of incarceration.

The Court held a sentencing hearing on February 23, 2006. Strothers had moved for a downward departure based on his medical condition, need for medical treatment, and shortened life expectancy. The Court noted that it had reviewed the PSR and an addendum to it, the government's position statement, and the motion to depart.

Strothers's counsel dwelt extensively upon his client's serious medical conditions and the discretion the Court derived from Booker to sentence outside the guidelines in order to fashion a sentence that would address the medical conditions. He pointed out that the multiple crimes of violence were largely domestic violence and arose out of alcohol abuse. During his presentation to the Court, Strothers also attributed his problems to drinking - the cause of both his criminal offenses and his liver disease.

4

The government argued against Strothers's departure motion both on guideline grounds and upon application of § 3553 factors.

When imposing sentence, the Court considered the guideline computation and reviewed the other relevant § 3553 factors. The Court noted Strothers's severe alcohol and drug problems as well as his medical status, but stated, "I cannot overlook the fact that you have continued to commit further crimes, and most importantly, commit violent crimes, since being diagnosed with Hepatitis C in 1996." (App. at 37). The Court further noted that Strothers's drug and alcohol induced mental distress and hardship "is being forced onto other people, and it's causing harm to other people." (App. at 38). Further, as the Court observed, Strothers had not taken advantage of the Court's leniency in allowing him to seek treatment instead of confinement. The Court concluded that the Bureau of Prisons can adequately care for Strothers's medical condition and "I cannot agree that a downward departure pursuant to section 5H1.4 is warranted." (App. at 38, 39).

The Court summarized its findings, noting that it had considered the relevant factors set forth in § 3553, "including the nature and circumstances of the offense, and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with needed

education or vocational training, medical care or other correctional treatment in the most effective way." (App. at 42). The District Court thereupon imposed a sentence that included a term of imprisonment of 115 months.

## II.

The sole issue raised by this appeal is the reasonableness of Strothers's 115-month sentence of imprisonment. In arriving at that sentence, the District Court followed the post-Booker sentencing procedures mandated by this Court. See United States v. Cooper, 437 F.3d 324, 329-32 (3d Cir. 2006). The first step is to "calculate the correct guidelines range applicable to a defendant's particular circumstances." Id., at 330. "[T]he standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." Id. The District Court commenced its analysis by calculating the correct guideline sentence, a straightforward task because there were no disputes with respect to the applicable guideline factors.

Next, a district court must resolve any departure motions. The Court in this case addressed and decided Strothers's motion for a downward departure, denying it for cogent reasons.

Finally, a district court must give "meaningful consideration to the § 3553(a) factors." Id. at 329. Appellate courts review the resulting sentence for reasonableness. Id. at 326-27. The District Court in the present case carefully considered the relevant § 3553(a) factors as described above, and this Court does not find that the resulting

6

sentence is unreasonable.

In view of the circumstances described above, the sentence that the District Court imposed must be affirmed.